***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence. Therefore, the Deputy Commissioner's Opinion and Award is MODIFIED and AFFIRMED.
 ***********
The undersigned finds as fact and concludes of matters of law which were entered into by the parties at the hearing and after the hearing as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between the defendant-employer and decedent at all relevant times herein.
3. Defendant-employer was an approved self-insured with RSKCO acting as its servicing agent at all relevant times herein.
4. Decedent's average weekly wages were $581.39 per week on or about July 21, 2000, yielding a compensation rate of $387.62 per week.
5. Kali Askiri Garvey, the deceased employee, sustained an injury by accident while in the course and scope of his employment with defendant-employer on July 21, 2000, and the said injury by accident caused the deceased employee's death.
6. The decedent was survived by his minor child, Matthew Kali Askin Garvey, his mother Brigitte Garvey, his father Bentham Garvey, his sister Kanika Garvey and his brother Bakiri Garvey. The minor child was the only person dependent upon the deceased employee at the time of his death. It should be noted that the minor child Matthew Kali Askin Garvey was not born until after the death of the deceased employee, and that by Order of the District Court of Cumberland County, North Carolina in File Number 01 CVD 7189 the Court found the said minor child to be the child of the deceased employee; said Order is dated October 2, 2001. Decedent was not survived by anybody else who was either wholly or partially dependent upon him at the time of his death.
The issues to be determined from this hearing are as follows:
a) Who are the dependents of the deceased employee?
 b) What, if any, benefits are the dependents entitled to receive under the North Carolina Workers' Compensation Act?
 ***********
The Pre-Trial Agreement along with its attachments and any stipulations that have been submitted by the parties are hereby incorporated by reference as though they were fully set out herein.
 ***********
Based upon all the competent evidence of record, the undersigned makes the following additional;
 FINDINGS OF FACT
1. On July 21, 2000, decedent suffered a compensable injury by accident while in the course and scope of his employment with defendant. As a direct result of this injury by accident decedent was killed.
2. A 3 May 2001 Final Order for Name Change from the Superior Court in Fulton County, Georgia reads, in pertinent part: "IT IS ORDERED AND DECREED that KEITH ANDREZ DAWSON'S name shall be removed from the child's birth record and replaced by the natural father, KALI ASKIRI GARVEY." (Emphasis added).
3. Decedent was survived by his posthumous child, Matthew Kali Askin Garvey, his mother Brigitte Garvey, his father Bentham Garvey, his sister Kanika Garvey and his brother Bakiri Garvey.
4. Decedent's posthumous child was originally given the last name of a friend of the child's mother so the baby would be provided neonatal health care.
5. The decedent had never married and had no other children.
6. Decedent's mother Brigitte M. Garvey was given the custody, care and control of the minor child, Matthew Kali Askiri Garvey on October 2, 2001.
7. Defendant presented no expert testimony to explain the DNA data submitted. Defendant alleges that the raw DNA data disproves Matthew Kali Askiri Garvey's biological grandparantage by Brigitte Garvey and Bentham Garvey, thereby excluding decedent as the biological father of Matthew Kali Askiri Garvey.
8. Despite apparent irregularities in the circumstances surrounding decedent's birth certificate and notwithstanding defendant's "non-grandparantage" theory, defendant presented no evidence establishing that decedent was the biological son of Bentham Garvey and Brigitte Garvey.
 ***********
Based upon the foregoing stipulations and findings of fact, the undersigned makes the following
 CONCLUSIONS OF LAW
1. Deceased employee was killed as a result of an injury by accident arising out of and in the course and scope of his employment with defendant-employer on July 21, 2000.
2. "Full faith and Credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." U.S. Const. Art. IV § 1, cl 1.
3. Given the finding made in the State of Georgia and the lack of contrary evidence presented, Matthew Kali Askiri Garvey is decedent's biological posthumous child and is presumed to be dependent upon decedent. U.S. Const. Art. IV § 1, cl 1; N.C.G.S. §§ 97-2(12);97-39.
4. As a result of decedent's fatal injury by accident, plaintiffs are entitled to have defendant pay for the medical expenses incurred for the treatment of decedent's injuries sustained as a result of the injury by accident. N.C.G.S. § 97-25.
5. As a result of decedent's fatal injury by accident, plaintiffs are entitled to have defendant pay burial expenses not exceeding $2,000.00 to the person or persons entitled thereto. G.S. § 97-38.
6. Matthew Kali Askin Garvey is entitled to decedent's full death benefits. N.C.G.S. §§ 97-2(12); 97-38; 97-39.
7. Matthew Kali Askiri Garvey is entitled to $387.62 per week beginning July 21, 2001 and continuing for 400 weeks, or until Matthew Kali Askiri Garvey reaches the age of majority, whichever occurs last.
 ***********
Considering the foregoing findings of fact and conclusions of law, the undersigned makes the following
 AWARD
1. Subject to the attorney's fees approved herein, defendant shall pay to Brigitte M. Garvey, being the legal custodian and paternal grandmother of Matthew Kali Askiri Garvey, for the use and benefit of the minor child, Matthew Kali Askiri Garvey, compensation at the rate of $387.62 per week beginning July 21, 2001 and continuing for 400 weeks or until he reaches the age of majority, whichever occurs last. All sums that have accrued shall be paid in one lump sum.
2. Defendant shall pay burial expenses not exceeding $2,000.00 to the person or persons entitled thereto.
3. Defendant shall pay for all medical expenses incurred by decedent as a result of the said injury by accident.
4. A reasonable attorney fee in the amount of 25% of the amount due in paragraph 1 of this AWARD is approved for plaintiff's counsel. To the extent that a sum has accrued, 25% of that sum shall be paid to plaintiff's counsel. Thereafter, for the duration of the award period, every fourth check shall be paid directly to plaintiff's counsel.
5. Defendant shall pay the costs of this action.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
DISSENTING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER